1

2

3

4

5

6

7                           UNITED STATES DISTRICT COURT

8                      NORTHERN DISTRICT OF CALIFORNIA

9

10   BRUCE WAYNE MILLER,                     Case No.  14-cv-02930-JCS (PR)

            Plaintiff,

11
                                            **ORDER DISMISSING THE**
        v.
12                                          **COMPLAINT WITH LEAVE TO**
                                            **AMEND**
13   LISA C. DEWBERRY,

            Defendant.

14

15

16                                **INTRODUCTION**

17        This is a federal civil rights action filed by a pro se state prisoner.  After review

18   pursuant to 28 U.S.C. § 1915(e), the Court DISMISSES the complaint with leave to file an

19   amended complaint on or before December 10, 2014.[1]

20                                 **DISCUSSION**

21   A.    **Standard of Review**

22        In its initial review of this pro se complaint, this Court must dismiss any claim that

23   is frivolous or malicious, or fails to state a claim on which relief may be granted, or seeks

24

25   ────────────────

     [1]  Plaintiff has consented to magistrate judge jurisdiction.  The magistrate judge, then, has
26   jurisdiction to decide this motion, even though defendants have not been served or consented to
     magistrate judge jurisdiction.  *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (holding
27   that magistrate judge had jurisdiction to dismiss prison inmate's action under 42 U.S.C. § 1983 as
     frivolous without consent of defendants because defendants had not been served yet and therefore
     were not parties).

28

United States District Court
Northern District of California

monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e).  Pro se pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

**B.    Legal Claims**

Plaintiff claims that his court-appointed attorney, Lisa Dewberry, has failed to maintain an attorney-client relationship with him.  He puts forth no specific facts, but he states that their interactions are lacking in "honesty" and "sincerity," and that she has "disregarded" and "neglected" him.

The complaint will be dismissed for the following reasons.  First, Dewberry, in her role as court-appointed attorney, is not liable under section 1983, which requires that the defendant be a state actor.  *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  A state-appointed defense attorney "does not qualify as a state actor when engaged in his general representation of a criminal defendant."  *Polk County v. Dodson*, 454 U.S. 312, 321 (1981).  *Polk County* "noted, without deciding, that a public defender may act under color of state law while performing certain administrative [such as making hiring and firing decisions], and possibly investigative, functions."  *Georgia v. McCollum*, 505 U.S. 42, 54 (1992) (citing *Polk County*, 454 U.S. at 325.)  Under this standard, plaintiff's allegations fail to state a claim for relief under § 1983.

2

Second, the complaint does not state a claim for relief.  Plaintiff must allege specific facts showing that Dewberry is not maintaining a good attorney-client relationship.  He must provide details regarding actual instances and examples (such as what proceedings she has represented him in and what she should or should not have done at such proceedings), and not just a list of adjectives.

Third, this Court may not be the correct forum for plaintiff's claims.  In his amended complaint, plaintiff must allege facts that state a claim for relief and that show that this Court has jurisdiction over such claims.  Unlike state courts, "[f]ederal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  The two main classes of cases over which the federal courts have jurisdiction are those that present a federal question, *see* 28 U.S.C. § 1331, and those in which the parties have diverse citizenship and involve an amount in controversy exceeding $75,000, *see* 28 U.S.C. § 1332.  Plaintiff appears to allege that Dewberry is liable for malpractice, which is a state law claim and therefore is not actionable in this Court unless there is diversity of citizenship between the parties.

Because of these deficiencies, the complaint is DISMISSED with leave to amend.  Plaintiff shall file an amended complaint on or before December 10, 2014.  The first amended complaint must include the caption and civil case number used in this order (14-2930 JCS (PR)) and the words FIRST AMENDED COMPLAINT on the first page.  It must also address all deficiencies discussed above.  Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate material from the prior complaint by reference.  Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

United States District Court
Northern District of California

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

**Dated:** October 28, 2014

_____
JOSEPH C. SPERO
United States Magistrate Judge

United States District Court
Northern District of California

4